Filed 7/28/15  P. v. Soth CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAIME SOTH,<br><br>    Defendant and Appellant. | H041451<br>(Santa Clara County<br> Super. Ct. No. C1477377) |

Defendant Jaime Soth was convicted by plea of one count of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)).  (Further undesignated statutory references are to the Penal Code.)  Defendant also admitted enhancement allegations that he had a prior conviction that was a strike under the "Three Strikes" law (§§ 667, subds. (b)-(i); 1170.12).  The plea and sentence in this case were part of a package deal that resolved a previous case in which defendant was charged with murder, with enhancements.  The plea also resolved an unfiled case in which a charge of dissuading a witness, with gang enhancements, was pending.  The court designated the murder as the principal case and sentenced defendant to 38 years to life on that conviction.  The court also sentenced defendant to two additional years (one-third the middle term (§ 1170.1, subd. (a)), doubled for the strike prior) for the assault with a deadly weapon conviction, consecutive to his sentence on the murder conviction.  In exchange for defendant's pleas, the

prosecution agreed to dismiss the dissuading a witness charge that was pending.  In this appeal, defendant challenges only the judgment in the assault with a deadly weapon case.

We appointed counsel to represent defendant in this court.  Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in the assault with a deadly weapon case only, which stated the case and the facts, but raised no specific issues on appeal.  We notified defendant of his right to submit written argument on his own behalf within 30 days.  The 30 days have elapsed, and we have received no written argument from defendant.  We will conclude there is no arguable issue on appeal and will affirm the judgment.

### FACTS AND PROCEDURAL HISTORY

We briefly discuss the facts and procedure regarding the murder case for background information only, since the plea and sentence in this case were part of a package deal that resolved both cases.  The murder case is not before us in this appeal.

### *Case No. C1108759 – the Murder Case*

In June 2011, the prosecution filed a felony complaint in Santa Clara County Superior Court case No. C1108759 charging defendant and three others with four offenses (hereafter "the murder case").[1]  Count 1 alleged that in March 2011, defendant murdered (§ 187) Jeffrey Melanio.  The complaint contained the following enhancement allegations:  (1) in committing the murder, defendant "personally and intentionally" discharged a handgun (§ 12022.53, subds. (b), (c), & (d)); (2) defendant committed the murder for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)); (3) defendant had one prior conviction for residential burglary that was a strike under the Three Strikes

---

[1] This complaint is not in the record on appeal in this case.  On our own motion, we take judicial notice of the record filed in *People v. Jimmy Nguyen*, Sixth District Court of Appeal case No. H038149, which contains a copy of the complaint and other papers filed in Santa Clara County Superior Court case No. C1108759.  (Evid. Code, §§ 452, subd. (d), 459.)

2

law (§§ 667, subds. (b)-(i); 1170.12) as well as a serious felony within the meaning of section 667, subdivision (a); and (4) defendant had served two prior terms in prison (§ 667.5, subd. (b)).

Nineteen-year-old Melanio was eating pizza with some friends in front of a liquor store when he was approached by defendant and two other men. There was a confrontation and someone in defendant's group said " 'Fuck You, Cuz,' " and " 'Eastside Crips,' " several times. Defendant then fired multiple shots, one of which killed Melanio.

### Case No. C1477377 – the Assault with a Deadly Weapon Case

In February 2014, the prosecution filed a felony complaint charging defendant with one count of assault with a deadly weapon (§ 245, subd. (a)(1)) (hereafter "the assault case"). The complaint alleged that in December 2013, defendant assaulted Trevor Howell with a pencil that was wrapped in a piece of plastic. The complaint alleged, as enhancements, that (1) defendant had one prior conviction for residential burglary that was a strike under the Three Strikes law (§§ 667, subds. (b)-(i); 1170.12) as well as a serious felony within the meaning of section 667, subdivision (a); and (2) defendant had served two prior prison terms for possession of a firearm by a felon and possession of stolen property (§ 667.5, subd. (b)).

There is no probation report for the assault case (the parties entered into a plea agreement before the preliminary hearing in the assault case). The record, therefore, does not contain any information about the facts surrounding the assault case other than what was alleged in the complaint.

### Negotiated Resolution of Both Cases

In June 2014, the parties entered into a negotiated disposition of both cases. In the murder case, pursuant to the plea agreement, defendant pleaded no contest to one count of second degree murder and admitted the strike prior, prior serious felony, and gang

3

enhancement allegations. In addition, the prosecution amended the information in the murder case to change the basis for the gun enhancement from section 12022.53 to section 12022.5, subdivision (a), and defendant admitted the amended allegation. In exchange for defendant's plea and admissions, the prosecution agreed to a sentence of 30 years to life for the murder, consecutive to eight years for the enhancements. When it took the plea, the court advised defendant that the maximum possible sentence for the murder was 57 years to life.

In the assault case, defendant pleaded no contest to assault with a deadly weapon and admitted the strike prior allegation in exchange for a two-year prison term, consecutive to his sentence in the murder case. As part of the plea agreement, the prosecution agreed not to charge defendant with dissuading a witness (§ 136) in a pending matter, which was based on events that occurred in February 2013.

*Sentencing*

In July 2014, the court sentenced defendant in accordance with the terms of the plea agreement to 38 years to life for the murder, plus two years consecutive for the assault with a deadly weapon conviction.

The court based the sentence in the murder case on the following: 15 years to life for the murder, doubled to 30 years to life because of the prior strike, plus the three-year lower term for the firearm enhancement, plus five years for the prior serious felony enhancement. The court stayed the ten-year sentence on the gang enhancement.

The court sentenced defendant to two years in the assault case, consecutive to the sentence in the murder case. The court calculated the two years as follows: one-third the middle term (§ 1170.1, subd. (a)) of three years, doubled for the strike prior. The court did not impose any additional time for the prior serious felony or prior prison term enhancements in the assault case. The aggregate term for both cases was 40 years to life.

In the assault case, the court imposed a general order of restitution in favor of the victim and a restitution fine of $560 (§ 1202.4). The court also imposed, but then

4

suspended, a parole revocation restitution fine (§ 1202.45) of $560.  The court ordered defendant to pay a $40 court security fee (§ 1465.8) and a criminal conviction assessment of $30 (Gov. Code, § 70373).  The court deemed the assault to be gang-related and ordered defendant to register as a gang member (§ 186.30).

Defendant filed a timely notice of appeal with a request for a certificate of probable cause, in which defendant alleged that his attorney had lied to him about the plea bargain and told him his sentence would be 40 years, not 40 years to life.  Defendant claimed ineffective assistance of counsel and stated his attorney never talked to him about his case.  Defendant stated he was "high on crystal meth," even though he told the court he was not under the influence of drugs or alcohol when it took the plea.  The court denied the certificate of probable cause.

## DISCUSSION

We have independently reviewed the entire record in the assault case pursuant to *Wende*, *supra*, 25 Cal.3d 436.  Based upon that review, we conclude there is no arguable issue on appeal in that case.

## DISPOSITION

The judgment is affirmed.

_____
Márquez, J.

WE CONCUR:


_____
 Rushing, P. J.




_____
 Grover, J.




No. H041451
People v. Soth